# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 94-KA-01258-SCT

*BILLY D. LEWELLEN*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/06/94 |
| TRIAL JUDGE: | HON. ANDREW CLEVELAND BAKER |
| COURT FROM WHICH APPEALED: | PANOLA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DAVID L. WALKER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| DISTRICT ATTORNEY | ROBERT L. WILLIAMS |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 1/30/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE PRATHER, P.J., PITTMAN AND SMITH, JJ.**

**PRATHER, PRESIDING JUSTICE, FOR THE COURT:**

### STATEMENT OF THE FACTS AND CASE

Billy D. Lewellen was indicted on December 7, 1992, pursuant to Miss. Code Ann. § 63-11-30(4) for negligently causing the death of Virginia Smith and serious injury to Elizabeth Smith while driving under the influence of alcohol. Lewellen entered a plea of guilty to the crime of felony driving under the influence on February 17, 1993, and on July 2, 1993, the circuit judge sentenced Lewellen to twenty-five years in prison, with five years of said sentence suspended so that Lewellen would remain under the jurisdiction of the court after making parole. On August 1, 1994, Lewellen filed a petition for post-conviction relief to vacate his conviction and sentence, alleging that he had not made his guilty plea voluntarily and intelligently. On December 1, 1994, the circuit judge dismissed Lewellen's petition following an evidentiary hearing, and Lewellen timely filed an appeal from said ruling.

**LAW**

<u>**ISSUE**</u>

**The Circuit Court Judge erred in failing to order an evaluation of Appellant's mental capacity to freely and voluntarily enter a guilty plea after postponing Appellant's sentencing due to Appellant's head injuries and denying his petition for post-conviction relief.**

The present appeal presents a rather straightforward issue regarding Lewellen's capacity or lack thereof to knowingly enter a plea of guilty. Uniform Rules of Circuit Court Practice 3.03(2) provides that, prior to accepting a guilty plea, the court "must determine that the plea is voluntarily and intelligently made" and that a "showing that the plea of guilty was voluntarily and intelligently made must appear in the record." Lewellen argues that the trial court should have sought an independent evaluation of his mental capacity in light of his closed head injuries suffered during the accident. Lewellen cites Miss. Code Ann. § 99-13-11 (1972), which provides that:

> In any criminal action in the circuit court in which the mental condition of a person indicted for a felony is in question, the court ... may order such person to submit to a mental examination by a competent psychiatrist selected by the court to determine his ability to make a defense.

In the trial court, Lewellen had the burden of establishing by a preponderance of the evidence that his plea was not voluntarily made. *Schmitt v. State*, 560 So.2d 148, 151 (Miss. 1990). In the view of this Court, the preponderance of the evidence supports a conclusion that Lewellen's plea of guilty was intelligently and voluntarily made. Lewellen repeatedly stated at both the February and July, 1993 hearings that he understood his rights, and a reading of the transcript provides no indication that Lewellen suffered from a lack of capacity to enter such a guilty plea.

At the July 2, 1993, sentencing hearing, Lewellen testified in response to questioning by the circuit judge:

> Q: Do you recall being before this Court on February 12, 1993 and petitioned the Court to consider a plea of guilty on Count 1 of this indictment, operating a vehicle on the highways of Mississippi under the influence of alcohol and causing injury or death?
>
> A: Yes, sir.
>
> ....
>
> Q: Are you taking any kind of medicine that might affect your ability to think clearly and know where you are and what you're doing today ?
>
> A: I'm taking nerve medicine, but it ain't affecting my ability.
>
> Q: You know where you are and what you're doing.
>
> A: I know where I am and what I'm doing.
>
> Q: The Court deferred sentencing on this matter. It has recalled now for final disposition. Are

you ready to go forward?

A: Yes, sir.

Q: Do you think you made the right decision when you offered this plea ?

A: Yes, sir.

Significantly, Lewellen corrected the circuit judge when the judge stated that Lewellen had two prior DUI convictions, (he had only one, although he had been jailed for other alcohol-related offenses) indicating that Lewellen was paying attention to the judge's statements, that his memory functions were intact, and that he was prepared to protect his own interests at the hearing.

Further, Lewellen's comments indicate that he understood the implications of the sentence which was being imposed upon him. The circuit judge stated at the sentencing hearing that he was sentencing Lewellen to twenty-five years incarceration, but that he was suspending five years of said sentence so that Lewellen would remain under the jurisdiction of the circuit court even after he made parole. In response to this statement by the judge, Lewellen asked the judge, "Your honor, that means when I make parole, I'll still be under supervision of Panola County?" Lewellen's comments at the February and July hearings were clearly not the comments of a person who lacks the competency to voluntarily enter a plea of guilty.

Lewellen makes repeated note of and places great weight on the fact that, during the December, 1994 post-conviction relief hearing, the circuit judge stated that, with regard to his acceptance of Lewellen's plea, "I was aware that Mr. Lewellen had sustained injuries in this accident. I was aware to the extent that I agreed to continue sentencing from February to July so he could continue to receive medical attention." Lewellen argues that this statement indicates that the judge felt that he lacked competency to enter a plea, but such is clearly not the case. The judge stated in the February plea hearing that he considered Lewellen to be competent to enter a plea, noting that:

> (Lewellen) admits his negligence. He admits his use of alcohol. I do not detect any mental or emotional sickness that would prevent him from making this decision. He appears to be well advised of his rights by his attorney, William Clayton, and in addition he has petitioned the court in his own handwriting for the court to accept his plea. It is therefore accepted as to count one.

Lewellen asserts that he lacked competency to enter said plea based in part on the fact the he had appointments with a neurosurgeon relating to his injury, and that he underwent a CAT scan pursuant to his doctor's instructions. Lewellen refers to appointments made with neurologists, but no neurologist or any other medical professional testified that Lewellen suffered a deficit in cognitive ability such as would render him incompetent to enter a plea of guilty. Lewellen would have this Court disregard his own assertions that he was fully competent to enter a plea of guilty, as well as his other comments made at the hearings which were fully consistent with his competency, but the preponderance of the evidence supports a conclusion that Lewellen was competent to voluntarily enter a plea of guilty. This point of error is without merit, and this Court concludes that Lewellen's guilty plea should not be set aside.

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., SULLIVAN, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**